Richard SYMENS;  Joyce Symens,
husband and wife, Appellants,

v.

SMITHKLINE BEECHAM COR-
PORATION, a Pennsylvania
Corporation, Appellee.

Ivan SJOVALL, doing business as
Sjovall Feedyard, Appellant,

v.

Smithkline Beecham Corporation,
a Pennsylvania Corporation,
Appellee.

Norman SCHICK;  Carol
Schick, Appellants,

v.

Smithkline Beecham Corporation,
a Pennsylvania Corporation,
Appellee.

Nos. 99–4318, 00–1472.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 2001.

Decided March 19, 2001.

Before BOWMAN, BEAM, and
LOKEN, Circuit Judges.

PER CURIAM.

In 1994 plaintiffs[1] each filed complaints against Smithkline Beecham Corporation (SBC), alleging that their cattle became sick after being vaccinated with three bovine vaccines manufactured by SBC. Plaintiffs asserted state law claims for strict liability, breaches of the implied warranties of merchantability and fitness, false advertising and promotion, failure to warn, and fraud on the licensing agency. In an interlocutory appeal from the district court's[2] denial of SBC's motion for summary judgment, we reversed and remanded, holding that the Virus–Serum–Toxin Act (VSTA), 21 U.S.C. §§ 151–159, as construed by the Animal and Plant Health Inspection Service (APHIS), preempted plaintiffs' claims to the extent they relied upon liability-creating premises different from or in addition to those created by VSTA. *See Symens v. SmithKline Beecham Corp.*, 152 F.3d 1050, 1054–56 (8th Cir.1998). We remanded the case to the district court to determine, by a comparison of plaintiffs' substantive state law claims and federal requirements, whether the claims fell within VSTA's preemptive scope. On remand, the district court[3] granted SBC's renewed motion for summary judgment, finding that all but one of plaintiffs' claims were preempted because they imposed additional or different requirements than those imposed by federal regulations. The court found that the remaining claim, while not preempted, failed for lack of evidence creating any genuine issue of material fact.

Upon a careful review of the record and the parties' submissions, we conclude that the district court faithfully carried out our mandate in *Symens* to analyze the claims, and that summary judgment was properly granted. Plaintiffs have provided no persuasive reason why the grant of summary judgment should be reversed. *See* Fed. R.Civ.P. 56(e).

---

1. Plaintiffs' separate appeals have been consolidated for disposition.

2. The HONORABLE CHARLES B. KORMANN, United States District Judge for the District of South Dakota.

3. The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota.

Accordingly, we affirm. *See* 8th Cir. R. 47B.